**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Willie L. Shannon, Jr.** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | **Laura M. Shannon** | | |
| | First Name | Middle Name | Last Name |

Case No. **24-40384**

☒ Check if this is an Amended Plan

Local Form 3015-1 (Nebraska)

# CHAPTER 13 PLAN                                                                    Revised 01/2022

## Notices

**To Debtors:** **You must use this Local Form 3015-1 Chapter 13 Plan in your Chapter 13 bankruptcy case. If you do not use this form, the court will not confirm your plan.**

Provisions of this plan that seek to limit the amount of a secured claim or the value of collateral or which seek to avoid a security interest or strip a lien are not effective. To limit the amount of any claim or the value of collateral you must object to the claim. To avoid a security interest or strip a lien, you must file an adversary proceeding or motion, as appropriate.

You must check one box below. If you want nonstandard provisions in Part 11 of this plan to be effective, you must check the box "Included". If you check the box "Not Included", if you check both boxes, or if you do not check a box, any provisions contained in Part 11 are not effective.

Nonstandard provisions in PART 11 are:   ☒ Included        ☐ Not Included

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

**You must timely file a proof of claim in this case to be paid under this plan.** The debt amount and the value of any collateral stated in your proof of claim controls the amount you will be paid. The Debtor(s) may object to these amounts. The Debtor(s) must file a motion or an adversary proceeding to avoid your security interest. Secured creditors are paid interest in the amount and from the date stated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose how this plan treats your claim or any provision of this plan, you must file an objection to confirmation no later than the date designated in the attached Notice of Resistance Deadline. The courtmay confirm this plan without further notice if no objection is filed. SeeFed. R. Bankr. P. 3015.

## Part 1:   Plan Payments and Length of Plan

**A.**   **Disposable Income.** The Debtor(s) submit to the Chapter 13 trustee, all projected disposable income received during this plan's commitment period. The payment schedule follows: (Insert additional lines if needed)

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $750.00 | 8 | $6,000.00 |
| $1,200.00 | 16 | $19,200.00 |
| $2,000.00 | 12 | $24,000.00 |
| $3,700.00 | 24 | $88,800.00 |
| | Total Plan Base Amount: | **$138,000.00** |

**B.     Payment Method.** The Debtor(s) will make regular payments to the trustee from future income as follows:
*Check all that apply:*

☒     Pursuant to a payroll deduction order. Complete the following:

Employee's name from whom the check payment is deducted: Willie L. Shannon and Laura Shannon (50/50 split)

Employer's name, address, city, state, phone:
Team Car Care, 105 Decker Court, Ste. 900, Irving, TX  75062 (Willie)
Bryan Medical Center, 1600 S. 48th Street, Lincoln, NE  68506-1299 (Laura)

Debtor is paid:   ☐ Monthly      ☐ Twice Monthly      ☐ Weekly      ☒ Biweekly (both debtors)      ☐ Other _____

☐ Direct payments to the trustee.

☐ Other (specify method of payment):

For cases with employer payroll deductions, debtors must pay the trustee directly by money order or cashier's check until the deduction begins. For plans requiring pre-confirmation adequate protection payments or lease payments, debtors must immediately begin making plan payments to the trustee. For plans without pre-confirmation payments, debtors must begin making plan payments within 30 days after filing the bankruptcy petition

This plan cures any arrearage in payments to the trustee under any prior plan in this case.

## Part 2:    Order of Payment of Claims

The trustee will deduct trustee fees under 28 U.S.C. § 586(e). The trustee will pay claims in the following order, and unless otherwise provided, claims within each class will be paid pro rata:

1.     Pre-confirmation payments for adequate protection or leases of personal property;

2.     Minimum monthly payments to secured creditors listed in Part 6 of this plan, minimum arrearage payments and regular executory contract payments due on executory contracts and leases listed in Part 7, and minimum monthly payments on arrearages for priority domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

3.     Debtor's attorney's fees and costs approved by the court (The Debtor's attorney should not designate a monthly payment for attorney fees);

4.     Secured claims listed in Part 6, arrearages on executory contracts and leases listed in Part 7 and domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

5.     Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6.     Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims under 11 U.S.C. § 1305;

7.     Payments on co-signed unsecured claims listed in Part 8;

8.     General unsecured claims.

## Part 3:    Treatment of § 1326(a) Pre-confirmation Adequate Protection and Lease Payments

The trustee will pay the creditors listed below pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property without a court order. Debtors who propose pre-confirmation payments must immediately begin making plan payments to the trustee. Creditors must timely file a claim to receive payment. The trustee will pay a creditor within 30 days after the creditor files a proof of claim unless the trustee does not have funds available within 7 working days before 30-day period ends. Post-confirmation payments are paid under Parts 6 and 7 of this plan.

| Creditor's Name | Creditor's Full Address | Last Four Digits of Account # | Date Next Payment is Due | Payment Amount |
|---|---|---|---|---|
| 1. Performance Finance | Attn: Bankruptcy<br>1515 West 22nd Street, Suite 100w<br>Oak Brook, IL 60523 | 7354 | | $165.00 |
| 2. Trius FCU | Attn: Bankruptcy<br>2915 2nd Avenue, Po Box 1329<br>Kearney, NE 68848 | 1500 | | $75.00 |
| 3. Snap-on Credit | Attn: Bankruptcy<br>2801 80th Street<br>Kenosha, WI 53143 | 2911 | | $100.00 |

## Part 4: Treatment of Administrative Claims

The trustee will deduct trustee fees from each payment the trustee receives. The maximum amount of Chapter 13 attorney fees and expenses (Standard Allowable Amount "SAA") that a debtor's attorney may include in this plan is in Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K". A debtor's attorney must seek additional fees or costs over the SAA under the "ALC Fees" process or in a separate fee application. Fees and costs requested are:

| SAA Fees Requested | Fees Received Before Filing | Balance of SAA Fee Paid in Plan |
|---|---|---|
| $4,400.00 | $60.00 | $4,340.00 |
| SAA Expenses Requested | Expenses Received Before Filing | Balance of SAA Expenses Paid in Plan |
| $300.00 | $0.00 | $300.00 |

## Part 5: Treatment of Priority Claims

All claims entitled to priority under 11 U.S.C. § 507(a) must be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment, except for a priority claim under 11 U.S.C. § 507(a)(1)(B). See 11 U.S.C. § 1322(a). Also, all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, must be treated as a general unsecured claim, and are not entitled to priority.

**A.  Domestic Support Obligations**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(A).*

**B.  Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

☒ None. *If "None" is checked, you do not need to complete or include the rest § 5(B).*

**C.  Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(C).*

**D.  Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 5(D).*

| Federal:$**unk** | State:$**unk** | Total:$**unk** |
|---|---|---|

**E.  Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(E).*

**F.  Other Priority Claims**

Provisions for treatment must be in Part 11 of this plan.

## Part 6: Treatment of Secured Claims

**A.1  Home Mortgage Claims (including claims secured by real property the Debtor(s) intend to retain)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(A).*

**B.** **Post-Confirmation Payments to Creditors Secured by Personal Property**

Post-confirmation payments to creditors holding claims secured by personal property will be paid as set forth in subparagraphs (1) and (2):

**1.** **Secured Claims excluded from 11 U.S.C. § 506.**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(1).*

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy. These claims will be paid in full, with interest as provided below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below:

| Creditor's Name | Collateral | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit (if Any) | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Performance Finance | 2022 Indian Challenger | $18,369.56 | 0.00% $0.00 | 9.50% | $165 | $22,898.32 |
| 2. Trius FCU | 2012 Chevy Camaro 2SS | $7,132.93 | 0.00% $0.00 | 9.50% | $75 | $9,147.89 |

**2.** **Secured Claims in which § 506 Valuation is Applicable:**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(2).*

Claims listed in this subsection are debts secured by personal property not described in § 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor(s) to object.

| Creditor's Name | Collateral | Estimated Value of Security or Amount Owed (whichever lowest) | Pre-confirmation Interest Rate & Dollar Amount Limit (if any) | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Snap-on Credit | Tools used in employment | $6,780.35 | 0.00% $0.00 | 9.50% | $100 | $8,474.43 |

**C.** **Surrender of collateral**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(c).*

The Debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim. Any secured claim filed by creditors listed below will be deemed satisfied in full through surrender of the collateral. The Debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1301 be terminated in all respects.

| Creditor's Name | Collateral To Be Surrendered |
|---|---|
| 1. Trius FCU | 2013 Jeep Wrangler Sport AWD 65000 miles<br>Vehicle to be surrendered. Debtors have already been in contact with the lienholder for the surrender, vehicle has not yet been picked up. |

D. **Lien Avoidance and Lien Stripping:**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(D).*

## Part 7: Treatment of Executory Contracts and Leases

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 7.*

## Part 8: Treatment of Co-Signed Unsecured Debts

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 8.*

## Part 9: Treatment of Unsecured Claims

Unsecured claims will be paid pro rata from remaining funds.

## Part 10: Additional Provisions

1. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

2. Property of the estate, including the Debtor(s)' current and future income, will revest in the Debtor(s) after a discharge is entered, and the Debtor(s) will have the sole right to use and possess property of the estate during this case.

3. To obtain distributions under this plan, a creditor must file a proof of claim no later than 70 days after the petition is filed, except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

4. Unless otherwise provided in this plan or ordered by the court, the holder of each allowed secured claim provided under this plan will retain the lien securing its claim under 11 U.S.C. § 1325(a)(5)(B).

5. After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation motions, including applications for fees, amended plans and other motions. Any motion must be served on all parties in interest. For purposes of this limited notice provision, a "party in interest" is a party directly affected by the motion, a creditor who filed a proof of claim, a party who filed a request for notice, any governmental agency or unit that is a creditor and all secured or priority creditors. Any pleading filed with limited notice must include a certificate of service that specifically states it was served with limited notice on all parties in interest under Neb. R. Bankr. P. 9013-1(E)(1). If a certificate of service is not filed, the motion will be deferred or denied.

## Part 11: Nonstandard Plan Provisions

Nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in, or which deviates from, this Local Form. Nonstandard provisions contained in any other Part of this plan are not effective.

The following plan provisions are effective only if the Debtor(s) checked the box "Included" in the Notice section above.

Debtors are working on missing taxes but is having some trouble with some missing documentation.

### Notice of Resistance Deadline

Any resistance to this plan or request for a hearing must be filed with the bankruptcy clerk (see original notice of bankruptcy for the address) and served on the attorney for the Debtor(s) at the address listed below (or served on the Debtor(s), if not represented by an attorney), on or before:

**October 29, 2024**

If a resistance or request for a hearing is timely filed and served, the court will handle the resistance under Neb. R. Bankr. P. 3015-2. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

### Certificate Of Service

On **October 8, 2024**, the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice, by first class United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to serve: Erin M. McCartney, Standing Chapter 13 Trustee District of Nebraska.

Dated: **October 8, 2024**

**Willie L. Shannon, Jr.**
**Laura M. Shannon**
Debtor(s):

By: **/s/ Christopher Gamm**
**Christopher Gamm**
**11550 West Dodge Road**
**Omaha, NE 68154**
**402-659-4254**
**chris@gammlaw.us**

\* By filing this document, the attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form 3015-1 Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in PART 11.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0867-4<br>Case 24-40384-BSK<br>District of Nebraska<br>Lincoln Office<br>Tue Oct  8 12:39:00 CDT 2024 | US Bankruptcy Court<br>460 Federal Building<br>100 Centennial Mall North<br>Lincoln, NE 68508-3868 | Affirm, Inc.<br>Attn: Bankruptcy<br>650 California St, Fl 12<br>San Francisco, CA 94108-2716 |
| Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One N.A.<br>by AIS InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Colin Nabity<br>2111 Avenue B<br>Kearney, NE 68847-5418 |
| Collin A. Preece<br>Attorney at Law<br>5804 1st Avenue<br>Kearney, NE 68847-2483 | Credit Management, LP<br>Attn: Bankruptcy<br>6080 Tennyson Parkway, Suite 100<br>Plano, TX 75024-6002 | Credit One Bank<br>Attn: Bankruptcy Department<br>6801 Cimarron Rd<br>Las Vegas, NV 89113-2273 |
| (p)HUNTINGTON NATIONAL MANAGEMENT LLC<br>ATTN STANLEY KUBIAK<br>PO BOX 1158<br>HAMBURG NY 14075-9158 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| Jefferson Capital Systems, LLC<br>Attn: Bankruptcy<br>200 14th Ave E<br>Sartell, MN 56377-4500 | Joseph Ciskey<br>6121 W. 15th Street<br>Greeley, CO 80634-2932 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| (p)LANCASTER COUNTY ATTORNEY<br>605 S 10TH ST<br>LINCOLN NE 68508-3915 | (p)LANCASTER COUNTY TREASURER'S OFFICE<br>555 SOUTH 10TH ST STE 102<br>LINCOLN NE 68508-2803 | Lvnv Funding/Resurgent Capital<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 |
| MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | (p)MOHELA<br>CLAIMS DEPARTMENT<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005-1243 | Merrick Bank Corp<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 |
| Midland Credit Management<br>Attn: Bankruptcy<br>PO Box 939069<br>San Diego, CA 92193-9069 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | Midland Credit Mgmt<br>Attn: Bankruptcy<br>Po Box 939069<br>San Diego, CA 92193-9069 |
| (p)NEBRASKA DEPARTMENT OF REVENUE<br>ATTN ATTENTION BANKRUPTCY UNIT<br>PO BOX 94818<br>LINCOLN NE 68509-4818 | Performance Finance<br>10509 Professional Circle Ste 100<br>Reno, NV 89521-4883 | Performance Finance<br>Attn: Bankruptcy<br>1515 West 22nd Street, Suite 100w<br>Oak Brook, IL 60523-2007 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Quantum3 Group LLC as agent for<br>Credit Corp Solutions Inc<br>PO Box 788<br>Kirkland, WA  98083-0788 | REVCO SOLUTIONS, INC.<br>9339 PRIORITY WAY WEST DR #120<br>INDIANAPOLIS, IN 46240-6430 |

| | | |
|---|---|---|
| Receivable Management Services. LLC<br>Attn: Bankruptcy<br>240 Emery Street<br>Bethlehem, PA 18015-1980 | Snap-on Credit<br>Attn: Bankruptcy<br>2801 80th Street<br>Kenosha, WI 53143-5656 | (p)SNAP ON CREDIT<br>950 TECHNOLOGY WAY<br>SUITE 301<br>LIBERTYVILLE IL 60048-5339 |
| Trident Asset Management<br>10375 Old Alabama Road Co<br>Alpharetta, GA 30022-1119 | Trius FCU<br>Attn: Bankruptcy<br>2915 2nd Avenue, Po Box 1329<br>Kearney, NE 68848-1329 | Trius Federal Credit Union<br>2915 2nd Avenue<br>Kearney<br>Kearney, NE 68847-3519 |
| United Revenue Corp.<br>Attn: Bankruptcy<br>204 Billings Street Ste 120<br>Arlington, TX 76010-2495 | Vance   Huffman Llc<br>Attn: Bankruptcy<br>55 Monette Pkwy, Ste 100<br>Smithfield, VA 23430-2577 | Wells Fargo Bank, N.A.<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA  50306-0438 |
| Wells Fargo/Slumberland Furniture<br>Attn: Bankruptcy<br>Po Box 10438, Mac F8235-02f<br>Des Moines, IL 50306-0438 | Christopher J. Gamm<br>Gamm Legal Service, LLC<br>11550 West Dodge Road<br>Omaha, NE 68154-2537 | Erin McCartney<br>Chapter 13 Trustee<br>13930 Gold Circle<br>Ste 201<br>Omaha, NE 68144-2304 |
| Jerry L. Jensen<br>Acting United States Trustee<br>Roman L. Hruska U.S. Trustee<br>111 S. 18th Plaza, Suite 1148<br>Omaha, NE 68102-1321 | Laura M. Shannon<br>7548 Whitlock Place<br>Lincoln, NE 68516-5786 | Willie Lane Shannon Jr.<br>7548 Whitlock Place<br>Lincoln, NE 68516-5786 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Huntington National Management LLC<br>PO Box 1158<br>Hamburg, NY 14075 | Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud MN 56302-9617 | Lancaster County Attorney<br>605 S. 10th Street<br>Lincoln, NE 68508-3915 |
| Lancaster County Treasurer<br>555 S. 10th Street, Room 102<br>Lincoln, NE 68508 | MOHELA<br>Attn: Bankruptcy<br>633 Spirit Dr<br>Chesterfiled, MO 63005 | Nebraska Department of Revenue<br>Attn: Bankruptcy Unit<br>PO Box 94818<br>Lincoln, NE 68509-4818 |
| Portfolio Recovery Associates, LLC<br>Attn: Bankruptcy<br>120 Corporate Boulevard<br>Norfolk, VA 23502 | (d)Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | Snap-on Credit LLC<br>950 Technology Way<br>Suite 301<br>Libertyville, IL 60048 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Trius Federal Credit Union

End of Label Matrix
Mailable recipients    44
Bypassed recipients     1
Total                  45