| Fill in this information to identify your case: | | | Case No. **24-40384** |
|---|---|---|---|

Debtor 1          **Willie L. Shannon, Jr.**
_____
                  First Name      Middle Name      Last Name

                                                    ☒ Check if this is an Amended Plan

Debtor 2          **Laura M. Shannon**
(Spouse, if       _____
filing)           First Name      Middle Name      Last Name

Local Form 3015-1 (Nebraska)
_____

# CHAPTER 13 PLAN                                              **Revised 01/2022**

## Notices

**To Debtors:**      **You must use this Local Form 3015-1 Chapter 13 Plan in your Chapter 13 bankruptcy case. If you do not use this form, the court will not confirm your plan.**

Provisions of this plan that seek to limit the amount of a secured claim or the value of collateral or which seek to avoid a security interest or strip a lien are not effective. To limit the amount of any claim or the value of collateral you must object to the claim. To avoid a security interest or strip a lien, you must file an adversary proceeding or motion, as appropriate.

You must check one box below. If you want nonstandard provisions in Part 11 of this plan to be effective, you must check the box "Included". If you check the box "Not Included", if you check both boxes, or if you do not check a box, any provisions contained in Part 11 are not effective.

Nonstandard provisions in PART 11 are:      ☒ Included          ☐ Not Included

**To Creditors:**      **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

**You must timely file a proof of claim in this case to be paid under this plan.** The debt amount and the value of any collateral stated in your proof of claim controls the amount you will be paid. The Debtor(s) may object to these amounts. The Debtor(s) must file a motion or an adversary proceeding to avoid your security interest. Secured creditors are paid interest in the amount and from the date stated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose how this plan treats your claim or any provision of this plan, you must file an objection to confirmation no later than the date designated in the attached Notice of Resistance Deadline. The court may confirm this plan without further notice if no objection is filed. SeeFed. R. Bankr. P. 3015.

## Part 1:      Plan Payments and Length of Plan

**A.**      **Disposable Income.** The Debtor(s) submit to the Chapter 13 trustee, all projected disposable income received during this plan's commitment period. The payment schedule follows: (Insert additional lines if needed)

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments | Base Amount (A X B) |
|---|---|---|
| $750.00 | 8 | $6,000.00 |
| $1,200.00 | 16 | $19,200.00 |
| $2,000.00 | 12 | $24,000.00 |
| $3,6500.00 | 24 | $84,000.00 |
| | Total Plan Base Amount: | **$133,200.00** |

**B.**     **Payment Method.** The Debtor(s) will make regular payments to the trustee from future income as follows:
*Check all that apply:*

☒     Pursuant to a payroll deduction order. Complete the following:

Employee's name from whom the check payment is deducted: Willie L. Shannon and Laura Shannon (50/50 split)

Employer's name, address, city, state, phone:
Team Car Care, 105 Decker Court, Ste. 900, Irving, TX  75062 (Willie)
Bryan Medical Center, 1600 S. 48th Street, Lincoln, NE  68506-1299 (Laura)

Debtor is paid:     ☐ Monthly     ☐ Twice Monthly     ☐ Weekly     ☒ Biweekly (both debtors)     ☐ Other _____

☐ Direct payments to the trustee.

☐ Other (specify method of payment):

For cases with employer payroll deductions, debtors   must pay the trustee directly by money order or cashier's check until the deduction begins. For plans requiring pre-confirmation adequate protection payments or lease payments, debtors must immediately begin making plan payments to the trustee. For plans without pre-confirmation payments, debtors   must begin making plan payments within 30 days after filing the bankruptcy petition

This plan cures any arrearage in payments to the trustee under any prior plan in this case.

## Part 2:     Order of Payment of Claims

The trustee will deduct trustee fees under 28 U.S.C. § 586(e). The trustee will pay claims in the following order, and unless otherwise provided, claims within each class will be paid pro rata:

1.     Pre-confirmation payments for adequate protection or leases of personal property;

2.     Minimum monthly payments to secured creditors listed in Part 6 of this plan, minimum arrearage payments and regular executory contract payments due on executory contracts and leases listed in Part 7, and minimum monthly payments on arrearages for priority domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

3.     Debtor's attorney's fees and costs approved by the court (The Debtor's attorney should not designate a monthly payment for attorney fees);

4.     Secured claims listed in Part 6, arrearages on executory contracts and leases listed in Part 7 and domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

5.     Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 trustee compensation allowed under 11 U.S.C. § 1326(b)(3);
6.     Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims under 11 U.S.C. § 1305;

7.     Payments on co-signed unsecured claims listed in Part 8;

8.     General unsecured claims.

## Part 3:     Treatment of § 1326(a) Pre-confirmation Adequate Protection and Lease Payments

The trustee will pay the creditors listed below pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property without a court order. Debtors who propose pre-confirmation payments must immediately begin making plan payments to the trustee. Creditors must timely file a claim to receive payment. The trustee will pay a creditor within 30 days after the creditor files a proof of claim unless the trustee does not have funds available within 7 working days before 30-day period ends. Post-confirmation payments are paid under Parts 6 and 7 of this plan.

| Creditor's Name | Creditor's Full Address | Last Four Digits of Account # | Date Next Payment is Due | Payment Amount |
|---|---|---|---|---|
| 1. Performance Finance | Attn: Bankruptcy 1515 West 22nd Street, Suite 100w Oak Brook, IL 60523 | 7354 | | $165.00 |
| 2. Trius FCU | Attn: Bankruptcy 2915 2nd Avenue, Po Box 1329 Kearney, NE 68848 | 1500 | | $75.00 |
| 3. Snap-on Credit | Attn: Bankruptcy 2801 80th Street Kenosha, WI 53143 | 2911 | | $100.00 |

## Part 4: Treatment of Administrative Claims

The trustee will deduct trustee fees from each payment the trustee receives. The maximum amount of Chapter 13 attorney fees and expenses (Standard Allowable Amount "SAA") that a debtor's attorney may include in this plan is in Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K". A debtor's attorney must seek additional fees or costs over the SAA under the "ALC Fees" process or in a separate fee application. Fees and costs requested are:

| SAA Fees Requested | Fees Received Before Filing | Balance of SAA Fee Paid in Plan |
|---|---|---|
| $4,400.00 | $60.00 | $4,340.00 |
| SAA Expenses Requested | Expenses Received Before Filing | Balance of SAA Expenses Paid in Plan |
| $300.00 | $0.00 | $300.00 |

## Part 5: Treatment of Priority Claims

All claims entitled to priority under 11 U.S.C. § 507(a) must be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment, except for a priority claim under 11 U.S.C. § 507(a)(1)(B). See 11 U.S.C. § 1322(a). Also, all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, must be treated as a general unsecured claim, and are not entitled to priority.

**A.    Domestic Support Obligations**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(A).*

**B.    Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

☒ None. *If "None" is checked, you do not need to complete or include the rest § 5(B).*

**C.    Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(C).*

**D.    Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 5(D).*

| Federal:$**0.00** | State:$**unk** | Total:$**unk** |
|---|---|---|

**E.    Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 5(E).*

**F.    Other Priority Claims**

Provisions for treatment must be in Part 11 of this plan.

## Part 6: Treatment of Secured Claims

**A.1    Home Mortgage Claims (including claims secured by real property the Debtor(s) intend to retain)**

⊠ None. *If "None" is checked, you do not need to complete or include the rest of § 6(A).*

**B.** **Post-Confirmation Payments to Creditors Secured by Personal Property**

Post-confirmation payments to creditors holding claims secured by personal property will be paid as set forth in subparagraphs (1) and (2):

**1.** **Secured Claims excluded from 11 U.S.C. § 506.**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(1).*

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy. These claims will be paid in full, with interest as provided below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below:

| Creditor's Name | Collateral | Estimated Claim Amount | Pre-confirmation Interest Rate & Dollar Amount Limit (if Any) | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Performance Finance | 2022 Indian Challenger | $18,369.56 | 0.00% $0.00 | 9.50% | $165 | $22,898.32 |
| 2. Trius FCU | 2012 Chevy Camaro 2SS | $7,132.93 | 0.00% $0.00 | 9.50% | $75 | $9,147.89 |

**2.** **Secured Claims in which § 506 Valuation is Applicable:**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(B)(2).*

Claims listed in this subsection are debts secured by personal property not described in § 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the Debtor(s) to object.

| Creditor's Name | Collateral | Estimated Value of Security or Amount Owed (whichever lowest) | Pre-confirmation Interest Rate & Dollar Amount Limit (if any) | Post-confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| 1. Snap-on Credit | Tools used in employment | $6,780.35 | 0.00% $0.00 | 9.50% | $100 | $8,474.43 |
| 2. Wells Fargo Bank | Bed | $726.06 | 0.00% $0.00 | 0.00% | | $726.06 |
| 3. NE Department of Revenue | Household goods and furnishings | $22,561.09 | 0.00% $0.00 | 5.00% | | $25,669.46 |

**C.** **Surrender of collateral**

☐ None. *If "None" is checked, you do not need to complete or include the rest of § 6(c).*

The Debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim. Any secured claim filed by creditors listed below will be deemed satisfied in full through surrender of the collateral. The Debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1301 be terminated in all respects.

| Creditor's Name | Collateral To Be Surrendered |
|---|---|
| 1. Trius FCU | **2013 Jeep Wrangler Sport AWD 65000 miles**<br>**Vehicle to be surrendered. Debtors have already been in**<br>**contact with the lienholder for the surrender, vehicle has not**<br>**yet been picked up.** |

**D.      Lien Avoidance and Lien Stripping:**

☒ None. *If "None" is checked, you do not need to complete or include the rest of § 6(D).*

<h2>Part 7:      Treatment of Executory Contracts and Leases</h2>

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 7.*

<h2>Part 8:      Treatment of Co-Signed Unsecured Debts</h2>

☒ None. *If "None" is checked, you do not need to complete or include the rest of Part 8.*

<h2>Part 9:      Treatment of Unsecured Claims</h2>

Unsecured claims will be paid pro rata from remaining funds.

<h2>Part 10:      Additional Provisions</h2>

1.      If no objection to confirmation is filed, the court may confirm this plan without further hearing.

2.      Property of the estate, including the Debtor(s)' current and future income, will revest in the Debtor(s) after a discharge is entered, and the Debtor(s) will have the sole right to use and possess property of the estate during this case.

3.      To obtain distributions under this plan, a creditor must file a proof of claim no later than 70 days after the petition is filed, except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

4.      Unless otherwise provided in this plan or ordered by the court, the holder of each allowed secured claim provided under this plan will retain the lien securing its claim under 11 U.S.C. § 1325(a)(5)(B).

5.      After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post confirmation motions, including applications for fees, amended plans and other motions. Any motion must be served on all parties in interest. For purposes of this limited notice provision, a "party in interest" is a party directly affected by the motion, a creditor who filed a proof of claim, a party who filed a request for notice, any governmental agency or unit that is a creditor and all secured or priority creditors. Any pleading filed with limited notice must include a certificate of service that specifically states it was served with limited notice on all parties in interest under Neb. R. Bankr. P. 9013-1(E)(1). If a certificate of service is not filed, the motion will be deferred or denied.

<h2>Part 11:      Nonstandard Plan Provisions</h2>

Nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in, or which deviates from, this Local Form. Nonstandard provisions contained in any other Part of this plan are not effective.

The following plan provisions are effective only if the Debtor(s) checked the box "Included" in the Notice section above.

Debtor has filed all missing tax returns. He is working with the NDR regarding sales tax return issues.

<strong>Notice of Resistance Deadline</strong>

Any resistance to this plan or request for a hearing must be filed with the bankruptcy clerk (see original notice of bankruptcy for the address) and served on the attorney for the Debtor(s) at the address listed below (or served on the Debtor(s), if not represented by an attorney), on or before:

<strong>December 25, 2024</strong>

If a resistance or request for a hearing is timely filed and served, the court will handle the resistance under Neb. R. Bankr. P. 3015-2. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

## Certificate Of Service

On **December 4, 2024**, the undersigned mailed a copy of this plan to all creditors, parties in interest and those requesting notice, by first class United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to serve: Erin M. McCartney, Standing Chapter 13 Trustee District of Nebraska.

Dated: **December 4, 2024**

**Willie L. Shannon, Jr.**
**Laura M. Shannon**
Debtor(s):

By: **/s/ Christopher Gamm**
**Christopher Gamm**
**11550 West Dodge Road**
**Omaha, NE 68154**
**402-659-4254**
**chris@gammlaw.us**

* By filing this document, the attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form 3015-1 Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in PART 11.

Label Matrix for local noticing
0867-4
Case 24-40384-BSK
District of Nebraska
Lincoln Office
Wed Dec  4 17:07:39 CST 2024

US Bankruptcy Court
460 Federal Building
100 Centennial Mall North
Lincoln, NE 68508-3868

Affirm, Inc.
Attn: Bankruptcy
650 California St, Fl 12
San Francisco, CA 94108-2716

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Colin Nabity
2111 Avenue B
Kearney, NE 68847-5418

Collin A. Preece
Attorney at Law
5804 1st Avenue
Kearney, NE 68847-2483

Credit Management, LP
Attn: Bankruptcy
6080 Tennyson Parkway, Suite 100
Plano, TX 75024-6002

Credit One Bank
Attn: Bankruptcy Department
6801 Cimarron Rd
Las Vegas, NV 89113-2273

(p)HUNTINGTON NATIONAL MANAGEMENT LLC
ATTN STANLEY KUBIAK
PO BOX 1158
HAMBURG NY 14075-9158

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jefferson Capital Systems, LLC
Attn: Bankruptcy
200 14th Ave E
Sartell, MN 56377-4500

Joseph Ciskey
6121 W. 15th Street
Greeley, CO 80634-2932

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)LANCASTER COUNTY ATTORNEY
605 S 10TH ST
LINCOLN NE 68508-3915

(p)LANCASTER COUNTY TREASURER'S OFFICE
555 SOUTH 10TH ST STE 102
LINCOLN NE 68508-2803

Lvnv Funding/Resurgent Capital
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603-0497

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Merrick Bank Corp
Po Box 9201
Old Bethpage, NY 11804-9001

Midland Credit Management
Attn: Bankruptcy
PO Box 939069
San Diego, CA 92193-9069

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Midland Credit Mgmt
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193-9069

(p)NEBRASKA DEPARTMENT OF REVENUE
ATTN ATTENTION BANKRUPTCY UNIT
PO BOX 94818
LINCOLN NE 68509-4818

Performance Finance
10509 Professional Circle Ste 100
Reno, NV 89521-4883

Performance Finance
Attn: Bankruptcy
1515 West 22nd Street, Suite 100w
Oak Brook, IL 60523-2007

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA  98083-0788

REVCO SOLUTIONS, INC.
9339 PRIORITY WAY WEST DR #120
INDIANAPOLIS, IN 46240-6430

Receivable Management Services. LLC
Attn: Bankruptcy
240 Emery Street
Bethlehem, PA 18015-1980

Snap-on Credit
Attn: Bankruptcy
2801 80th Street
Kenosha, WI 53143-5656

(p)SNAP ON CREDIT
950 TECHNOLOGY WAY
SUITE 301
LIBERTYVILLE IL 60048-5339


Trident Asset Management
10375 Old Alabama Road Co
Alpharetta, GA 30022-1119

Trius FCU
Attn: Bankruptcy
2915 2nd Avenue, Po Box 1329
Kearney, NE 68848-1329

Trius Federal Credit Union
2915 2nd Avenue
Kearney
Kearney, NE 68847-3519


United Revenue Corp.
Attn: Bankruptcy
204 Billings Street Ste 120
Arlington, TX 76010-2495

Vance   Huffman Llc
Attn: Bankruptcy
55 Monette Pkwy, Ste 100
Smithfield, VA 23430-2577

Wells Fargo Bank, N.A.
PO Box 10438, MAC F8235-02F
Des Moines, IA  50306-0438


Wells Fargo/Slumberland Furniture
Attn: Bankruptcy
Po Box 10438, Mac F8235-02f
Des Moines, IL 50306-0438

Christopher J. Gamm
Gamm Legal Service, LLC
11550 West Dodge Road
Omaha, NE 68154-2537

Erin McCartney
Chapter 13 Trustee
13930 Gold Circle
Ste 201
Omaha, NE 68144-2304


Jerry L. Jensen
Acting United States Trustee
Roman L. Hruska U.S. Trustee
111 S. 18th Plaza, Suite 1148
Omaha, NE 68102-1321

Laura M. Shannon
7548 Whitlock Place
Lincoln, NE 68516-5786

Willie Lane Shannon Jr.
7548 Whitlock Place
Lincoln, NE 68516-5786


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Huntington National Management LLC
PO Box 1158
Hamburg, NY 14075

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud MN 56302-9617

Lancaster County Attorney
605 S. 10th Street
Lincoln, NE 68508-3915


Lancaster County Treasurer
555 S. 10th Street, Room 102
Lincoln, NE 68508

MOHELA
Attn: Bankruptcy
633 Spirit Dr
Chesterfiled, MO 63005

Nebraska Department of Revenue
Attn: Bankruptcy Unit
PO Box 94818
Lincoln, NE 68509-4818


Portfolio Recovery Associates, LLC
Attn: Bankruptcy
120 Corporate Boulevard
Norfolk, VA 23502

(d)Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

Snap-on Credit LLC
950 Technology Way
Suite 301
Libertyville, IL 60048


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Internal Revenue Service          (u)Trius Federal Credit Union          End of Label Matrix
                                                                           Mailable recipients    44
                                                                           Bypassed recipients     2
                                                                           Total                  46